Gadsby, J.
This is an action of contract in which the plaintiff seek® to recover the sum. of Twenty dollars for premiums on a bond issued by the plaintiff to the defendant.
The answer is a general denial, payment and also a denial that the plaintiff is a corporation, and calling upon the plaintiff to prove same. .
At the trial and in the direct examination thereof, the plaintiff through a witness' offered a document which was signed by the 'Commissioner of Corporations for the State of Maryland, with the State Seal thereto .attached, which i® incorporated by reference, showing that the .plaintiff was *126 a corporation duly organized under the laws of the State of Maryland. Objection to the admissibility thereof was-duly made by the defendant; the document was admitted and received by the Court over objection and the defendant requested that -said ruling be reported.
The defendant signed an application dated June 21, 1943, applied to the plaintiff for a surety company bond to be issued the defendant as conservator of Ad-elia J. Grace, at an annual premium of Ten dollars. A bond was subsequently issued to the defendant as conservator, which bond he filed in the Probate Court, Middlesex County, with his petition to be appointed as said conservator.
It is the contention of the plaintiff that the defendant owes two annual premiums thereon, namely in the amount of Twenty dollars; that demand for payment of said premiums has- been made, but .some has not been paid.
At the close of the trial and before final arguments, the defendant made the following requests for rulings:
“1. -On all the evidence and the law, 'the finding' should be for the defendant: (a) There is no evidence that the plaintiff is qualified or authorized to do business in the Commonwealth of Massachusetts to issue surety bonds, (b) The liability of the defendant would-be that of a fiduciary and as such would not be liable in this motion, (c) The application offered as evidence does not -establish liability on the part of thi-s defendant. ’ ’
The Court denied all of the defendant’s requests for rulings and made the following “findings of .fact, rulings of law and finding.”
The plaintiff is- a corporation duly organized under the laws of Maryland. The -defendant, by signed application, dated June 21, 1943, applied to the plaintiff for a surety company bond to be -issued to him as conservator of Adelia J. Grace. In said -application the defendant agreed to -pay *127 the plaintiff Ten (10) dollars upon the execution of the bond and Ten (10) dollars in advance each, year thereafter until satisfactory evidence shall be given to the plaintiff that the bond is. no longer in force. The plaintiff issued the bond to the defendant and he filed same in the Probate Court and thereafter the defendant was appointed conservator by the Middlesex County Probate Court of Adelia J. Grace. The defendant owes the plaintiff .for the premium on the bond for the years commencing June 21, 1944, and June 21, 1945, at Ten (10) dollars a year. Demand was made on the defendant for the payment of Twenty (20) dollars on or about July 1, 1945, and has not been paid. The defendant duly submitted requests for rulings of law. The Court denied ruling No. 1 (a) (t>) and (o), see findings of fact. As to ruling requested No. 1 (a). This question was not raised in the defendant’s answer.
The Trial 'Court found for the plaintiff and assessed damages in the sum of Twenty and 58/100' (20.58) dollars.
The report contained all the evidence material to the questions, reported.
The defendant claiming to ibe aggrieved by the admission of the document purported to be the certificate of incorporation, and also1 by the refusal of the Court to grant the defendant’s request for rulings', I hereby report the same to the Appellate Division for determination.
Under rule 28 of the rules of the District Courts 1940, papers on file in the case may not be Incorporated by reference except by the permission of the Appellate Division. Therefore, the statement in the Report that a document is incorporated by reference is of no effect in the absence of permission of the Appellate Division.
However, the defendant has made a request for a ruling of law as follows:
*128 “'On all the evidence and the law, the finding should be for the defendant;
(a) There is no evidence that the plaintiff is qualified or authorized to do- business in the Commonwealth of Massachusetts to issue surety bonds.”
It was prejudicial error to deny this request since in no way does it appear that the plaintiff was qualified or authorized to do business in the Commonwealth of Massachusetts.
The finding for the plaintiff is therefore vacated, and a finding entered for the defendant.